IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

AUGUST 1998 SESSION



**FILED**

**September 11, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 01C01-9708-CC-00369 |
| Appellee, | ) | |
| | ) | Maury County |
| v. | ) | |
| | ) | Honorable Jim T. Hamilton, Judge |
| SCOTT ALLAN BYTWERK, | ) | |
| | ) | (Probation Revocation) |
| Appellant. | ) | |

FOR THE APPELLANT:

William C. Bright
Assistant Public Defender
128 North Second Street
Pulaski, TN  38478

OF COUNSEL:

Shara A. Flacy
District Public Defender
128 North Second Street
Pulaski, TN  38478

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue, North
Nashville, TN  37243-0493

Janis L. Turner
Assistant Attorney General
425 Fifth Avenue, North
Nashville, TN  37243-0493

T. Michael Bottoms
District Attorney General
P. O. Box 459
Lawrenceburg, TN  38464-0459

Lawrence R. Nickell, Jr.
Assistant District Attorney General
P. O. Box 459
Lawrenceburg, TN  38464-0459

OPINION FILED: _____

AFFIRMED

L. T. LAFFERTY, SPECIAL JUDGE

# OPINION

The defendant, Scott Allan Bytwerk, appeals as of right from a ruling of the Maury County Circuit Court revoking his post-plea diversion placement. The defendant complains the trial court erred in revoking his post-plea diversion based upon the evidence heard at the revocation hearing. After an appropriate review of the record, the briefs submitted by the parties, and the law governing the issue presented for review, it is the opinion of this Court that the judgment of the trial court is affirmed.

## HISTORY

On March 5, 1997, the defendant was convicted in the General Sessions Court of Maury County for simple assault and allowing dogs to run at large. On March 7, 1997, the defendant appealed the convictions to the Maury County Circuit Court demanding a jury trial. Then began the turbulent relationship between the defendant, his next-door neighbors, and the Maury County Circuit Court. On April 3, 1997, the State believed it necessary to file a motion requesting that certain conditions be placed on the defendant's appearance bond, such as that the defendant's farm animals be confined to his property and not trespass onto the property of his neighbors. As was expected, the defendant, in the eyes of the State, violated the conditions of bail release and the trial court revoked the defendant's appearance bond and ordered that all of the defendant's animals be destroyed. Later, the trial court permitted the animals to be sold in lieu of destruction. As part of the revocation order, the defendant was ordered to undergo a psychiatric examination.

On May 15, 1997, the defendant, through his attorney and the State, applied for post-plea diversion. The trial court so ordered judicial diversion for a period of eleven months and twenty-nine days with the condition the defendant would remain in jail pending the completion of the mental examination and the trial court's review of the results. Further, the defendant was to have no contact with the neighbors. On July 21, 1997, the State moved to revoke the defendant's judicial diversion and the trial court set a hearing

for July 22, 1997. Based on the testimony in this record and the history of this case, the trial court revoked the defendant's judicial diversion and reinstated the defendant's original sentence.

## REVOCATION HEARING

The State called Mr. Cregg Harris, the defendant's next-door neighbor, in support of the motion to revoke diversion. Mr. Harris related three (3) incidents where he believed the defendant violated the trial court's order. The first incident occurred when the defendant wrote on his window or put up a sign that read "Liar, Liar." The Harrises ignored the words. The second incident was when Mr. Harris was driving his vehicle along his property line and observed the defendant feeding some animals. The defendant started walking towards Mr. Harris's vehicle, beating his fist in his hand. Mr. Harris pulled off and the defendant quit approaching the fence. The third incident was when Mr. Harris's stepson and friend were playing in the yard with a dog. The defendant called the dog to his property and the dog has not been seen since. Also, Mr. Harris observed the defendant with new animals in contradiction to the trial court's order. Mr. Harris admitted none of the animals had ever entered his property, nor had the defendant come on Mr. Harris's property.

Mrs. Carol Harris related to the trial court that on July 21, 1997 she received a phone call from a man who said something to the effect, "Jesus saves those that confess their sins." Mrs. Harris panicked and hung up the phone. Later that afternoon, Mrs. Harris observed something written in the defendant's window facing their home, a sign saying "Jesus saves, Romans 10:9" and "Ask him." Mrs. Harris admitted she could not identify the voice of the caller. Also, Mrs. Harris testified she was anxious about the defendant based on past incidents.

The defendant testified in his own behalf as well as Mr. William Brisco and the defendant's father, Mr. Jerry Bytwerk. Mr. Brisco, employed at Columbia State Community

3

College, advised the trial court he would permit the defendant to stay at his home for a short period of time and would assist the defendant. Mr. Brisco admitted he advised the defendant to put up the "Jesus Saves" sign and the one that said "Liar, Liar." Mr. Brisco stated, "my feeling was that that was a positive sign out of the Bible rather than a criticism of 'Liar, Liar' . . . it was a mistake for me to advise him that, but I did."

Mr. Jerry Bytwerk, the defendant's father, advised the trial court he planned to sell the property. Also, his son had agreed not to return to the property. Mr. Bytwerk admitted he and his wife had had problems with their son in the past, even to the extent of obtaining a no contact court order against the defendant. The witness agreed there remained approximately 50 poultry, turkeys, geese, pheasants, and ducks on the property.

The defendant advised the trial court he did not wish to live on the property because the Harrises harassed him and gave him no peace whatsoever. The defendant testified, "I have never wanted to have anything to do with the Harris'. I just wanted them to be my friends at first and then they didn't want me living there and so they've tried to move me out and they've succeeded." The defendant agreed to never go on the road where the Harrises live. As to the signs, the defendant stated, "those signs that are in my windows are to say positive things. They're not to be destructive or subliminal--I don't know what they said."

Based on this evidence, the trial court found the defendant violated the conditions of the no contact order as well as the post-plea diversion agreement.

The standard by which we review a revocation of judicial diversion is abuse of discretion.

"In order for a reviewing Court to be warranted in finding an abuse of discretion in a probation revocation hearing, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the

4

conditions of probation has occurred." *State v. Harkins,* 811 S.W.2d 79, 82 (Tenn. 1991).

We also note that the trial court was entitled to revoke probation upon a finding by the preponderance of the evidence that the defendant violated several conditions of probation. T.C.A. § 40-35-311(d).

Since this hearing concerned a post-plea diversion agreement, this Court will assume it was granted under the requirements of T.C.A. § 40-35-313(a). Thus, the standard in reviewing a revocation of judicial diversion would be an abuse of discretion.

The trial court in its ruling for revoking the post-plea diversion stated:

> All right, Mr. Bytwerk, I'm going to revoke your post-plea diversion for these reasons. I think you clearly have violated the no contact order. I don't know what goes through your mind. I'm not a psychiatrist. I probably should be, but I'm not. I don't know what you think. But, I mean, the actions you've taken could be for one purpose and one purpose only, and that's to contact these people--not physically, but in a way maybe even more devious than physical contact. You don't pay any attention to anything that I say, anything that I suggest to you.

In sum, we conclude that the record on appeal clearly justifies the trial court's finding that the defendant violated the conditions of his post-plea diversion. The judgment of the trial court is affirmed.

_____
L. T. LAFFERTY, SPECIAL JUDGE

CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
THOMAS T. WOODALL, JUDGE